**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GERALD LEO ROGERS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-05-724-R |
| | ) |
| **JOE KEFFER, Warden,** | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered December 12, 2005 and "Petitioner's Opposition to Magistrate Report," which the Court treats as an objection to the Report and Recommendation, filed January 3, 2005. The Court reviews the Report and Recommendation *de novo* in light of Petitioner's objection.

Petitioner's objection is, for the most part, an irrelevant diatribe. Petitioner does assert that Ninth Circuit case law should control in determining whether Petitioner's due process rights were violated, *citing Vargus v. United States Parole Commission*, 865 F.2d 191, 194 (9th Cir. 1988), and that prejudice is not an issue. However, in *Vargus*, where the appellant did not receive a preliminary hearing or interview until 40 days had passed after execution of the parole violator warrant, the court held that the delay without any evidence of prejudice was not unreasonable. It observed that "[e]ven given a violation of the Commission's own regulations, a due process violation occurs only when appellant 'establishes that the Commission's delay was both unreasonable and prejudicial.'" *Id., quoting Sutherland v.*

*McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983). In a more recent case, the Ninth Circuit held that a petitioner was "entitled to relief for violation of section 4214 only if he was prejudiced by the violation." *Thompson v. Crabtree*, 82 F.3d 312, 316 (9th Cir.), *cert. denied*, 519 U.S. 975, 117 S.Ct. 410, 136 L.Ed.2d 323 (1996). Thus, Ninth Circuit law is consistent with that of this Circuit, so even if Ninth Circuit case law were controlling herein, Petitioner has not shown a due process violation and is not entitled to relief.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety; Respondent's Motion to Strike Petitioner's Amended Petition for Writ of Habeas Corpus [Doc. No. 40] is GRANTED in part and DENIED in part; Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [Doc. Nos. 19 and 23] is STRICKEN as moot; Respondent's Motion to Dismiss Amended Petition for Writ of Habeas Corpus [Doc. No. 40], construed as a response to the Amended Petition, is GRANTED; the Amended Petition for a Writ of Habeas Corpus [Doc. No. 34] is DENIED; Petitioner's Emergency Writ for Immediate Release [Doc. No. 47] is DENIED; Petitioner's Motion to Withdraw Disqualification Motions [Doc. No. 45] and Motion to Withdraw All Motions [Doc. No. 46] are GRANTED and Petitioner's motions filed as Doc. Nos. 15, 26, 27, 28, 29, 30, 31, 33 and 37 are STRICKEN. Alternatively, Petitioner's motions filed as Doc. Nos. 15, 26, 27, 28, 29, 30, 31, 37, 45 and 46 are DENIED.

**It is so ordered this 26th day of January, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE